Dykman, J.
This action is for the foreclosure of a mechanic’s lien, and several persons who were lienors were made defendants with the owner of the premises.
In the month of August, 1885, the defendant Eva Hess, who was the owner of the premises, entered into a contract with the defendant Herman Humel for the erection of a three-story frame house upon her land for the sum of $4,500, payable in installments as the work and building progressed.
*711 When the building was near to completion and there remained the sum of §1,600 due and unpaid from the owner to the contractor, the latter was indebted to the various persons who subsequently filed liens against the property for work and materials furnished for the erection of the "building, and who are parties to this action.
Holding these claims upon which liens might be filed, these various persons made application to the owner for some arrangement for their payment, and were lulled into security and inaction by her promise to notify them before any payment should be made to the contractor from the $1,600 then remaining in her hands and due to the contractor. Disregarding her undertaking, however, the owner paid all the money to the contractor without any notification to the claimants.
Subsequently the various claimants filed liens, which were all brought forward in this action, and the referee who tried and decided the same found that the last payment was made in bad faith and by collusion, for the purpose of defeating the operation of the mechanics’ lien law in favor of these claimants.
There seems to have been no controversy respecting the amounts due to the respective claimants, and the referee awarded judgment to all.
The questions raised by the owner respecting the validity of the respective liens were all decided in favor of the lienors, and we find no error.
A personal judgment was proper in favor of the defendant McDonald because his contract was with the defendant personally.
The referee has found that the several claimants forbore to file mechanics’ liens or institute any proceedings for their own protection, in reliance upon the promise of the owner to notify and enable them to protect themselves and procure their money.
The evidence in the case fully justifies such finding and does justice to these parties who were evidently misled by the conduct of the owner when she received their notification. They placed her in a situation to protect herself, and disregarding their notice she paid the last installment to the contractor in disregard of the rights of the claimants and apparently of her own interest also.
We find no error, and the judgment should be affirmed, with costs.
Barnard and Pratt, JJ., concur.